UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALEEK J., SR., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-5365-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1975.[1] He has a high school education and has worked as a barber. (AR 26.)

Plaintiff filed an application for SSI on December 22, 2016, alleging disability beginning October 1, 1996. (AR 209.) The application was denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On March 14, 2019, ALJ Joanne E. Dantonio held a hearing, taking testimony from plaintiff and a vocational expert. (AR 53-103.) On May 17, 2019, the ALJ issued a decision finding plaintiff not disabled from the application date through the date of the decision. (AR 15-28.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on April 1, 2020 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had severe impairments of major depressive disorder, generalized anxiety disorder, panic disorder, marijuana use, adjustment insomnia, and history of traumatic brain injury. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform simple or unskilled work with incidental, superficial public contact and occasional coworker

contact without teamwork.  He was further limited to occasional changes in work tasks and an environment without large groups of people and with no more than office-level noise.  The ALJ found plaintiff had no past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as an electrical accessories assembler, routing clerk, and janitor.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.").  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in addressing the opinions of examining doctor Daniel Pratt, Psy.D.  He requests remand for further administrative proceedings.  The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

/ / /

ORDER
PAGE - 3

Medical Opinion Evidence

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In general, more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted). Even if an ALJ includes erroneous reasons to discount a doctor's opinion, the error is harmless if the remaining reasons are valid. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

Dr. Pratt performed a clinical interview and mental status examination in June 2018 and filled out a Psychological/Psychiatric Evaluation form. (AR 465-69.) Dr. Pratt diagnosed plaintiff with "Major depressive disorder, recurrent, unspecified" as well as rule-out diagnoses of "Major depressive disorder, recurrent, severe, with psychotic features" and "Antisocial personality features." (AR 467.) Dr. Pratt opined plaintiff had marked limitations in nearly all work-related abilities in the form, including maintaining punctual attendance and completing a normal work day and work week without interruptions from psychologically based symptoms. (AR 467.)

After summarizing the clinical interview portion of Dr. Pratt's report, the ALJ wrote:

> The claimant self-reported a level of depression symptoms on the BDI-II that indicated a severe level of depression; he scored a 53 out of a top score of 63.

ORDER
PAGE - 4

> Unlike past evaluators and treating providers, Dr. Pratt's diagnoses included rule-out of major depressive disorder with psychotic features. The claimant's self-reported score on the BDI-II and Dr. Pratt's rule out diagnosis are inconsistent with the treating record, the level of symptomology reported earlier in the record and the claimant's activities, which included going to a party on February 22, 2018 and going to the YMCA in April of 2018, as well as the claimant's report of working as a barber in at least April and June of 2018.

(AR 24 (citations omitted).) The ALJ did not address Dr. Pratt's opinions further, and made no mention of them in the portion of the decision addressing medical opinions. (*See* AR 24-26 ("As for the opinion evidence…").)

As plaintiff notes, the ALJ accepted major depressive disorder, Dr. Pratt's primary diagnosis, as one of plaintiff's severe impairments. Plaintiff does not challenge the rejection of the rule-out diagnosis, but contends the ALJ erred by failing to address Dr. Pratt's opinions of marked limitations. The Commissioner contends the ALJ's rejection applies to Dr. Pratt's entire report.

"If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p. Here, the RFC contains no limitations corresponding with Dr. Pratt's opinions that, for example, plaintiff was markedly limited in performing routine tasks without special supervision, maintaining appropriate behavior, maintaining punctual attendance, and completing a normal work day and work week without interruptions from psychologically based symptoms. (AR 467, 19-20.) The ALJ failed to provide any explanation for excluding these limitations.

Even if the Court concludes the ALJ intended to reject Dr. Pratt's entire report, the ALJ failed to provide specific and legitimate reasons to do so. The reasons the ALJ offered were inconsistency with the record and with plaintiff's activities. (AR 24.)

The Commissioner argues plaintiff presented to Dr. Pratt as more depressed than in other

ORDER
PAGE - 5

records, analogous to the situation in *Tonapetyan*, where the Ninth Circuit upheld rejection of an opinion by a doctor who "relied only on Tonapetyan's subjective complaints and on testing within Tonyapetyan's control." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The Commissioner's argument fails on legal and evidentiary grounds. This case differs from *Tonapetyan* because Dr. Pratt did not rely only on measures under plaintiff's control, but performed a mental status examination and clinical interview, which "are objective measures and cannot be discounted as a 'self-report.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The evidence also fails to support a finding that medical evidence conflicted with Dr. Pratt's opinions. The Commissioner and the ALJ cite a single January 2017 treatment note assessing plaintiff with a "[m]oderate episode of recurrent major depressive disorder." (AR 448.) But a moderate episode does not contradict a later severe episode. This single treatment note is not substantial evidence supporting a finding of inconsistency with the record. Conflict with the medical evidence was not a specific and legitimate reason to discount Dr. Pratt's opinions.

Conflict with plaintiff's activities also fails as a specific and legitimate reason to discount Dr. Pratt's opinions. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (proper for ALJ to consider whether treating physician's opinion was inconsistent with the claimant's level of activity). While the Commissioner does not defend the ALJ's reasons of attending one party or going to the YMCA, apparently conceding they are erroneous, the Commissioner argues working as a barber contradicted Dr. Pratt's opinions. Plaintiff does not dispute he worked as a barber, although the ALJ did not find it rose to the level of substantial gainful activity. There is no evidence, however, that Plaintiff worked full time. This activity thus did not contradict Dr. Pratt's assessments, such as that plaintiff had marked limitations in maintaining punctual attendance or completing a normal work day and work week without interruptions from psychologically based

ORDER
PAGE - 6

symptoms. The ALJ erred by discounting Dr. Pratt's opinions as inconsistent with plaintiff's activities.

The Commissioner's remaining arguments, based on inconsistent statements, are *post hoc* rationalizations on which the Court cannot rely. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing, *inter alia, SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The Court concludes the ALJ erred in evaluating Dr. Pratt's opinions. On remand the ALJ must address his opinions of marked limitations.

## CONCLUSION

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 28th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 7